Daniel **WAKEFIELD,** Petitioner–Appellant,

v.

Robert J. **McCLELLAN, Superintendent of Southport Correctional Facility,** Respondent–Appellee.

No. 00–2438.

United States Court of Appeals, Second Circuit.

April 16, 2001.

Richard Ware Levitt, New York, NY, for appellant.

Denis Dillon, District Attorney, Nassau County; Tammy J. Smiley and Karen Wigle Weiss, Assistant District Attorneys, of Counsel, on the brief Mineola, NY, for appellee.

Present FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Petitioner–Appellant Daniel Wakefield appeals from the June 19, 2000 opinion and order of the district court dismissing Wakefield's petition for a writ of habeas corpus. *See Wakefield v. McClellan,* 95 CV 2412(NG) (June 19, 2000).

In May 1991, Wakefield was indicted in Nassau County Court for sexual assault in two separate incidents involving two separate victims. In June 1992, after a jury trial, Wakefield was convicted on two counts each of rape in the first degree in violation of N.Y. Penal Law § 130.35[1] and sodomy in the first degree in violation of N.Y. Penal Law § 130.50[1]. After exhausting his state court remedies, Wakefield filed a petition for a writ of habeas corpus in United States District Court pursuant to 28 U.S.C. § 2254 (1992). In his petition, Wakefield alleges that his due process rights to a fair trial and an impartial jury were violated when the state trial court allowed the jury to continue deliberating and to render a verdict after the jury reported that the foreperson had told the other jurors of a rumor he heard which suggested that Wakefield had been previously convicted of rape. In its opinion and order, the district court concluded that "petitioner has failed to show that the state court's conclusion with respect to the jurors' ability to deliberate in an impartial manner is incorrect. The trial court's factual determination is entitled to deference, and the petition for a writ of habeas corpus is *denied.*" *Wakefield,* at 20–21.

This Court reviews a district court's decision to dismiss a petition for a writ of habeas corpus de novo. *Cruz v. Artuz,* 133 F.3d 906.

We affirm for substantially the same reasons as set forth in the district court's opinion and order. *See Wakefield,* at 14–21.

For the reasons set forth above, the judgment of the district court is AFFIRMED.